

FILED

2018 JAN 12 PM 1:05

BARBARA A. WIEDENBEIN
CLERK OF COMMON PLEAS COURT
CLERMONT COUNTY, OH

## IN THE COURT OF COMMON PLEAS
## GENERAL DIVISION
## CLERMONT COUNTY, OHIO

**MELISSA GILVIN**
113 ZACHARY DRIVE
WILLIAMSBURG, OH 45176

CASE NO: 2018 CVG 73

**JAMIE GILVIN**
113 ZACHARY DRIVE
WILLIAMSBURG, OH 45176

JUDGE: McBride

       Individually and on
       behalf of all others
       similarly situated

           Plaintiffs

**Vs.**

                           **COMPLAINT**
                           **(JURY DEMAND**
                           **ENDORSED HEREON)**

**FCA US LLC**
CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS, OH 43219

**IMPARTIAL SERVICES GROUP**
AKA STERICYCLE EXPERTSOLUTIONS
105 DECKER CT., SUITE 300
IRVING, TX 75062

**ALLY FINANCIAL INC.**
CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS, OH 43219

**DOE, UNKNOWN AGENT DEFENDANT,**
AGENT OF FCA US LLC

           Defendants

## TABLE OF CONTENTS

PAGE

INTRODUCTION………………………………………………...…………………………………….3

JURISDICTION, VENUE, AND
FACTS……………………………………………………………………………………………….6

MASTER CLASS DEFINITION AND CLASS ACTION
ALLEGATIONS……………………………………………………………………………………11

FIRST SUB-CLASS DEALING WITH DEFENDANTS' FRAUDULANT
ACTIVITY………………………………...……………………………………………………....……14

SECOND SUB-CLASS REQUIRING
DECLARATORY AND INJUNCTIVE RELIEF………………………………………….……………17

ATTORNEYS' FEES…………………………………………………………….………………...19

PRAYER FOR
RELIEF…………...……………………………………………………………………….....…20

JURY DEMAND…………………………………………………………………………………..22

## INTRODUCTION

This action is being brought by Plaintiffs, Melissa and Jamie Gilvin, (hereinafter referred to as "Named Plaintiffs") individually and on behalf of all others similarly situated, seeking the refund of the "full purchase price" for their nonconforming motor vehicles as required by R.C. §1345.71 et seq. Defendants—FCA US LLC, Impartial Services Group AKA Stericycle EXPERT SOLUTIONS (hereinafter referred to as "ISG"), and possible Unknown Agent Defendant—have made the following a company-wide and agency-wide practice: upon the return of a nonconforming motor vehicle, the consumer is being forced to pay "out-of-pocket" for the costs of taxes, title fees, and security deposits despite the clear language of Ohio's "Lemon Law" statutes codified under R.C. §1345.71 et seq., which explicitly provide that costs for taxes, title fees, and security deposits, if paid by the consumer, are to be refunded to the consumer following return of a nonconforming motor vehicle.

In dealing with ISG, agent of FCA US LLC, Defendants explained to Named Plaintiffs that it was a company-wide practice, and part of items explicitly listed on a check-list of costs, to deduct from the consumer's refund the costs for taxes, title fees, and security deposits if the consumer had not paid the costs of these items at the outset of the consumer's dealings with FCA US LLC. Named Plaintiffs were not seeking a windfall for the costs of the taxes, title fees, and security deposits, but instead were simply asking to be refunded the costs which they had paid for the nonconforming motor vehicle and to be made whole following the return of the nonconforming motor vehicle. ISG's representative explained that because FCA US LLC had paid the costs of taxes, title fees, and security deposits (or simply waived these costs), FCA US LLC was now entitled to be made whole, or themselves receive a windfall, and the consumer was to pay FCA US LLC these amounts—costs which the consumer is specifically entitled to under R.C. § 1345.71 et seq. upon the return of a nonconforming motor vehicle.

Following an explanation by Attorney for Named Plaintiffs to ISG that their practices were contrary to Ohio's "Lemon Law" statutes under R.C. § 1345.71 et seq., ISG, after an internal review, notified Named Plaintiffs: ISG's computations were correct; ISG and FCA US LLC were in compliance with Ohio law; FCA US LLC was entitled to be reimbursed for the costs of taxes, title fees, and the security deposit at the expense of the Named Plaintiffs; the amount of money paid by the Named Plaintiffs for the nonconforming motor vehicle would not be returned in full; and expressly that "This is the offer from Chrysler. Please let [ISG] know if the customer is in agreement or not and if not than [ISG is to] close the case." At the time of the above-described correspondence with ISG, the Named Plaintiffs, who were still being forced to make lease payments for the nonconforming motor vehicle, had returned the nonconforming motor vehicle and been without it or a replacement motor vehicle for almost five months, dating back to December 2016. At the time of filing this complaint in January 2018, FCA US LLC has not canceled the lease and the lessor is still requesting payments for the returned nonconforming motor vehicle from the Named Plaintiffs.

FCA US LLC and ISG, a company that holds themselves out as competently understanding Ohio's "Lemon Law," either knew or should have known that their "Lemon Law" representations regarding refunds, which were material to the transaction at hand, were made (1) falsely; (2) with knowledge of falsity of the representations, or with such utter disregard and recklessness as to whether the representations were true or false that knowledge may be inferred; and (3) with intent to mislead Named Plaintiffs into relying upon the false statements. Further, Defendants gave Named Plaintiffs a statement of compliance with Ohio law and a "take it or leave it" ultimatum when Named Plaintiffs had been going through the refund process and been without a working motor vehicle for almost five months. FCA US LLC authorized, participated in, and ratified the

actions and omissions of ISG where FCA US LLC, who was accepting recoupment of costs from consumers of a nonconforming motor vehicle, was made whole with regard to costs paid for taxes, title fees, and security deposits at the expense of desperate consumers—consumers who purchased or leased a brand new motor vehicle, are subsequently required to spend weeks giving the manufacturer or dealer time to attempt to fix the unsafe and nonconforming motor vehicle, and then are required to spend months without an motor vehicle during the refund process where the consumer is still required to make payments on the motor vehicle they cannot even use. At the end of this months-long, tedious process, the manufacturer, FCA US LLC, through its agents, ISG and possible Unknown Defendant, explain to the consumer that FCA US LLC and ISG's interpretation of Ohio law is correct and that a substantial sum of money will be deducted from the refund of the "full purchase price" that was paid by the consumers for the nonconforming motor vehicle.

ISG explained to Named Plaintiffs that FCA US LLC was entitled to these costs, and gave Named Plaintiffs a few days to either accept the settlement offer or ISG would close the case. Named Plaintiffs did not accept the settlement offer from ISG, an offer which went against the very protections Ohio's Lemon Law was designed to give to the consumer of a nonconforming motor vehicle. "The Law leaves little room for interpretation and is designed for self-help without protracted litigation by providing a harsh remedy at a certain time. The Lemon Law is remedial in nature and should be liberally construed in favor of the consumer, to effectuate its purpose to make consumers whole."[1]

---

[1] 81 Ohio Jur. 3d Sales and Exchanges of Personal Property § 220 (2017).

## JURISDICTION, VENUE, AND FACTS

1. Named Plaintiffs incorporate as if fully rewritten herein all the allegations contained in the Introduction.

2. Named Plaintiffs are residents of the state of Ohio, County of Clermont, and reside at 113 Zachary Drive, Williamsburg, OH 45176.

3. Defendant, FCA US LLC, distributes, markets, and sells FCA US LLC motor vehicles to persons in Ohio.

4. Defendant, ISG, is an agent of FCA US LLC.

5. Defendant, ISG, although located in Irving, Texas, has sufficient minimal contacts with the state of Ohio where ISG actively participates in the refund process of nonconforming motor vehicles on behalf of FCA US LLC within the state of Ohio

6. Unknown Defendant, agent of FCA US LLC, may be another party, other than ISG, who has and is facilitating the refund process for a nonconforming motor vehicle on behalf of FCA US LLC within the state of Ohio.

7. A substantial part of the events giving rise to the Named Plaintiffs' claims occurred within the state of Ohio where Named Plaintiffs leased the motor vehicle in Ohio and still live in the state.

8. Named Plaintiffs leased a new 2016 Ram 1500 on May 4, 2016, which was sold, manufactured, or distributed by FCA US LLC.

9. Named Plaintiffs leased the motor vehicle through Jeff Wyler, Eastgate Auto Mall, 1117 State Route 32, Batavia, Ohio 45103.

10. Named Plaintiffs' motor vehicle was out of service by reason of repair for a cumulative total of 30 or more calendar days.

11. Named Plaintiffs' motor vehicle possessed substantially the same nonconformity, which was subject to repair three or more times, and the nonconformity either continued to exist or was recurring.

12. FCA US LLC, their agents, or their authorized dealer, were unable to conform Named Plaintiffs' motor vehicle to any applicable express warranty by repairing or correcting the nonconformity after a reasonable number of repair attempts.

13. Named Plaintiffs were forwarded to FCA US LLC's agent, ISG, to facilitate an informal dispute resolution to this nonconforming motor vehicle issue.

14. Named Plaintiffs have been without a properly working motor vehicle for almost 12 months.

15. FCA US LLC, as of January 2018, has not cancelled the lease associated with Named Plaintiff's nonconforming motor vehicle, despite the fact that Named Plaintiffs returned the motor vehicle to the dealer and the Named Plaintiffs have not been in possession of the nonconforming motor vehicle dating back to December of 2016.

16. ISG denied Named Plaintiffs the return of the "full purchase price" of their nonconforming motor vehicle, where ISG attempted to deduct from the return of the "full purchase price" costs for title fees, taxes, and the security deposit.

17. ISG, represents that it complies with state laws across the nation while facilitating a resolution to disputes associated with "Lemon Law" consumers by ensuring that settlement offers are effectively administered. The following was taken from ISG's website:

> "When a reacquisition is necessary, our understanding of the lemon law regulations in each state make the process as efficient as possible while maintaining compliance. We help shorten the cycle time and recover costs more quickly by ensuring settlement offers are effectively administered; overseeing the disbursement and tracking of funds; utilizing field agents to manage vehicle inspection; and managing the surrender and title transfer

processes. Stericycle ExpertSOLUTIONS utilizes a highly-automated process that leverages data analysis to simplify reacquisition logistics. And our remarketing techniques help put the luster back on a dented brand..."[2]

"...Vehicles today are more advanced and reliable than ever before. But occasionally, owners may encounter a host of issues with their vehicle not long after driving it off the lot. When that happens, providing the highest level of customer service can help maintain loyalty for the long run. Our specially trained contact center agents can work to resolve owner concerns before they turn sour and escalate to a "lemon law" claim. We can even analyze data to identify ongoing issues the company may not be aware of – but that could result in lost business – and address them proactively. In addition to protecting brands, this results in a significant cost savings and reduces liability."[3]

18. In January 2017, FCA US LLC sent Named Plaintiffs to ISG so that they could request their refund for the amounts of money that Named Plaintiffs paid for the motor vehicle lease pursuant to R.C. §1345.71 et seq.

19. Upon initially leasing the motor vehicle, Named Plaintiffs did not pay the costs of the taxes, security deposit, or title fees, and while requesting a refund from ISG, Named Plaintiffs were not asking to be refunded any amount of money related to these costs.

20. In the Spring of 2017, ISG's representative admitted that if Named Plaintiffs had paid the costs for taxes, security deposit, and fees at the outset, that Named Plaintiffs would have been made whole and refunded the money for those amounts upon return of the nonconforming motor vehicle.

21. However, ISG's representative claimed that because the manufacturer, FCA US LLC, had paid the costs of taxes, security deposit, and fees at the outset, that the Named Plaintiffs should now bear the burden of paying those costs upon return of the motor vehicle, which would make FCA US LLC the party made whole for the costs of paying these amounts—amounts which the consumer (1) should not be responsible for upon the return of the nonconforming

---

[2] http://www.stericycleexpertsolutions.com/services/automotive-solutions/business-process-outsourcing/
[3] Id.

vehicle and (2) amounts which the consumer is specifically entitled to receive, if these costs had been paid by consumer, upon the return of the nonconforming motor vehicle under R.C. §1345.71 et seq.

22. ISG's representative, after confirming with her supervisor, expressed to Named Plaintiffs that the procedure described in paragraph 21 was company policy, and that these amounts were on a company-wide checklist of items, authorized by FCA US LLC, which required ISG to deduct amounts from the refund of purchase price for taxes, title fees, and security deposits if they had been paid by the dealer or manufacturer.

23. Attorney for Named Plaintiffs notified ISG of Ohio's "Lemon Law" statutes, which are codified under R.C. §1345.71 et seq.

24. ISG stated, through telephone conversations in April and May of 2017, that their offer to Named Plaintiffs complied with R.C. §1345.71 et seq.

25. ISG stated, through email from a case manager Renee Clayton, dated May 2, 2017, that their computation sheet was correct and that Named Plaintiffs were only entitled to the amount which was being offered by ISG for the return of Named Plaintiffs' nonconforming motor vehicle. ISG's case manager, Renee Clayton, in the same email, notified the Attorney for Named Plaintiffs that a response to the offer from ISG was expected by Friday May 5, 2017 so that ISG could close the case.

26. In an email sent from ISG's case manager on May 12, 2017, Renee Clayton, ISG's manager, stated that ISG's computation sheet for determining the refund amount were correct, that the consumers, Named Plaintiffs, were only entitled to the amount offered, and that "Chrysler is entitled to recoup the costs in addition to reversing the rebate that covered the total amount of fees due at the time of signing." Ms. Clayton closed the email with, "This is the offer

from Chrysler. Please let me know if the customer is in agreement or not and if not than I am to close the case."[4]

27. In an email sent from ISG's case manager on May 17, 2017, Renee Clayton, ISG's case manager, stated that Named Plaintiffs' case had been "withdrawn due to non-acceptance and that if the customer were to change their minds, they would need to provide a new payoff and payment history in order to move forward because our process does not allow us to move forward with an expired payoff letter as the payoff was only good through 5/3/17."

28. R.C. §1345.71 et seq. provides that a consumer of a nonconforming motor vehicle, following either trade-in or buy-back, should not be the party who is to bear the costs of title fees, taxes, and the security deposit for the nonconforming vehicle.

29. R.C. §1345.72 et seq. provides that "if the manufacturer, its agent, or its authorized dealer is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any nonconformity after a reasonable number of repair attempts, the manufacturer either shall replace the motor vehicle with a new motor vehicle acceptable to the consumer or shall accept return of the vehicle [*sic*] from the consumer and refund each of the following: (1) the *full purchase price*; (2) all incidental damages, including, but not limited to, any fees charged by the lender or lessor for making or canceling the loan or lease, and any expenses incurred by the consumer as a result of the nonconformity, such as charges for towing, vehicle [*sic*] rental, meals, and lodging." *(emphasis added)*

30. R.C. §1345.71 et seq. provides that the definition of "full purchase price" means, "in the case of a sale, the contract price for the motor vehicle, including charges for transportation, undercoating, dealer-installed options and accessories, dealer services, dealer preparation, and

---

[4] *RE: Jamie Gilvin*, email from Renee Clayton to T. David Burgess, May 12, 2017, at 2:53 PM; (this email is referenced in the Introduction as well).

delivery charges; all finance, credit insurance, warranty, and service contract charges incurred by the consumer; and all sales tax, license and registration fees, and other government charges," and, "in the case of a lease, the capitalized cost reduction, *security deposit, taxes, title fees*, all monthly lease payments, the residual value of the vehicle, and all finance, credit insurance, warranty, and service contract charges incurred by the consumer." *(emphasis added)*

31. Named Plaintiffs exhausted the informal dispute resolution mechanism, which ISG facilitated at FCA US LLC's instruction.

32. ISG produced an unsatisfactory decision to Named Plaintiffs.

33. ISG's decision denied Named Plaintiffs the refund of the full purchase price for their nonconforming motor vehicle, which Named Plaintiffs were entitled to under Ohio law.

34. Named Plaintiffs exhausted Chrysler's attempt at an administrative remedy in dealing with ISG, and Named Plaintiffs have fulfilled any requirement on their part to exhaust administrative remedies by dealing with ISG.

35. Ally Financial, Inc., may have an interest in this action and has therefore been included as a Defendant in this matter.

## MASTER CLASS DEFINITION AND CLASS ACTION ALLEGATIONS

36. Named Plaintiffs, incorporate as if fully rewritten herein all the allegations contained in the Introduction and paragraphs 1 through 35.

37. Named Plaintiffs bring this action on behalf of themselves and the following class of persons:

> The class represented in this action is readily identifiable as persons within the state of Ohio who, within the last five years, are identified under R.C. §1345.71 as a "consumer," that has engaged in a consumer transaction with FCA US LLC where the consumer acquires a motor vehicle manufactured by FCA US LLC, and these person-consumers have attempted to exercise their right to a refund of their nonconforming motor vehicle under R.C. §1345.72, and, either through

dealing with FCA US LLC or contact with the agents of FCA US LLC, have been denied the refund of the "full purchase price" for this nonconforming motor vehicle as defined under R.C. §1345.72, either through denial of a refund for title fees, taxes, and security deposits, or being forced to retroactively pay the cost of these items, which the consumer is specifically entitled to under R.C. §1345.71 et seq. (persons identifiable under this description are hereinafter referred to as the "Class").

38. Named Plaintiffs are members of the Class as described in paragraph 36, where the Named Plaintiffs were consumers of a nonconforming motor vehicle within the last five years and were denied the refund of the full purchase price upon return of said nonconforming motor vehicle.

39. This Court should certify this matter as a class action because the Class is so numerous that joinder of all members is impracticable, where FCA US LLC and their agent, ISG, have made it common practice to deny the refund of the full purchase price for a nonconforming motor vehicle to Ohio consumers of FCA US LLC motor vehicles within the last five years.

40. There are questions of law or fact common to the Class, with the questions of law or fact common to the Class predominating over any questions affecting only individual members and the answers to these common questions having a resolution to the Class as a whole, where, even though the exact amount of each consumer's refund may be different, the type of costs being excluded for each consumer amount to the same injury (being forced to pay taxes, title fees, and security deposits) and a court ruling that it is unlawful for FCA US LLC to deny these consumers the refund of these costs or forcing consumers to pay the amount of these costs would provide an answer that is common to the Class as a whole.

41. Varying amounts of damages between individual members of the Class related to the actual amounts of taxes, title fees, and security deposits will not fail the requirement that common questions of law or fact predominate over individual members claims where there exists

generalized denial by FCA US LLC and ISG of the refund for the full purchase price (costs for taxes, title fees, and security deposits) on a class-wide basis.

42. The Named Plaintiffs' claims are typical of those of the Class where the injury claimed— denial of the refund of the full purchase price through the same practice and course of conduct of FCA US LLC and ISG, which forces the consumers to pay for costs of taxes, title fees, and security deposits—is typical of the claims of the Class members.

43. Named Plaintiffs will fairly and adequately protect the Class's interests.

44. Named Plaintiffs do not have any interests or claims which are antagonistic to the interests of the Class.

45. Class representatives' counsel is qualified, experienced, and able to conduct the proposed litigation.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy where failure to certify the Class would result in a substantial risk of separate actions, which would create a risk of inconsistent or varying adjudications with respect to individual members, and the inconsistent or varying adjudications would establish incompatible standards of conduct for FCA US LLC and ISG in fulfilling judgments in separate actions.

47. Class is seeking damages, plus interest, for the deficiency between the actual full purchase price that should have been refunded, and the amount FCA US LLC and its agent, ISG, were offering to consumers of nonconforming motor vehicles which were manufactured by FCA US LLC.

FIRST SUB-CLASS DEALING WITH DEFENDANTS' FRAUDULANT ACTIVITY

48. Named Plaintiffs, incorporate as if fully rewritten herein all the allegations contained in the Introduction and paragraphs 1 through 47.

49. Named Plaintiffs bring this action on behalf of themselves and the following class of persons:

> The class represented in this action is readily identifiable as persons within the state of Ohio who, within the last four years, are identified under R.C. §1345.71 as a "consumer" of a motor vehicle manufactured by FCA US LLC, these persons have attempted to exercise their right to a refund of their nonconforming motor vehicle under R.C. §1345.72, and, either through dealing with FCA US LLC or contact with the agents of FCA US LLC, have been denied the refund of the "full purchase price" for this nonconforming motor vehicle as defined under R.C. §1345.72, where FCA US LLC and their agents have fraudulently misrepresented that FCA US LLC and their agents are in compliance with Ohio's Lemon Law statutes in order to obtain settlements with consumers of nonconforming motor vehicles, which denies the consumer of a refund for title fees, taxes, and security deposits, or forcing the consumer to retroactively pay the cost of these items— costs which the consumer is specifically entitled to if paid under R.C. §1345.71 et seq. (persons identifiable under this description are hereinafter referred to as the "First Sub-Class")

50. Named Plaintiffs are members of the class as described in paragraph 48.

51. ISG, a company that was aware of Ohio's Lemon Law statutes, either knew or should have known that their Lemon Law representations regarding refunds, which were material to the transaction at hand, were made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether these representations were true or false that knowledge may be inferred, and with intent to mislead Named Plaintiffs into relying upon the false statements and accept a reduced settlement amount.

52. ISG's representations concerning Ohio's Lemon Law statutes were made as to imply that ISG knew the representations to be true, and intended that ISG's statements should be so understood, believed, and relied upon, and operate as an inducement for Named Plaintiffs to

accept ISG's settlement offer—a settlement offer which was contrary to Ohio's Lemon Law Statutes under R.C. §1345.71 et seq.

53. ISG gave Named Plaintiffs a "take it or leave it" ultimatum when Named Plaintiffs had been going through the refund process and been without a working motor vehicle for almost six months.

54. Named Plaintiffs were not offered the full purchase price for the returned nonconforming motor vehicle.

55. Named Plaintiffs had been without a properly working motor vehicle dating back to December of 2016. Defendant, ISG, told Named Plaintiffs that ISG and FCA US LLC's computations were correct and that if Named Plaintiffs did not accept their offer that ISG would close the case.

56. The actions or omissions of that Defendants, FCA US LLC and ISG, demonstrate malice or aggravated or egregious fraud, or that Defendant, FCA US LLC, as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate fraud.

57. FCA US LLC authorized, participated in, and ratified the actions and omissions of ISG where FCA US LLC, who accepted recoupment of costs from consumers of a nonconforming motor vehicle, making FCA US LLC whole with regard to costs paid for taxes, title fees, and security deposits, where the First Sub-Class, and Named Plaintiffs, if they would have taken the proposed settlement, were supposed the be the parties made whole upon return of the nonconforming motor vehicles, but were forced to pay "out-of-pocket" for these costs in direct violation of R.C. §1345.71 et seq.

58. This Court should certify this matter as a class action because the First Sub-Class is so numerous that joinder of all members is impracticable, where FCA US LLC and their agent, ISG, have made it common practice to conduct business as described with the First Sub-Class within the last four years.

59. There are questions of law or fact common to the First Sub-Class, with the questions of law or fact common to the First Sub-Class predominating over any questions affecting only individual members and the answers to these common questions having a resolution to the First Sub-Class as a whole, where, even though the exact amount of each consumer's refund may be different, the conduct toward each consumer amount to the same injury and a court finding that FCA US LLC and ISG engaged in fraud, and awarding damages as a result, would provide an answer that is common to the First Sub-Class as a whole.

60. Varying amounts of damages between individual members of the First Sub-Class related to the actual amounts of taxes, title fees, and security deposits will not fail the requirement that common questions of law or fact predominate over individual members claims where there exists generalized fraudulent behavior by FCA US LLC and ISG on a class-wide basis.

61. The Named Plaintiffs' claims are typical of those of the First Sub-Class where the injury claimed—FCA US LLC and ISG engaging in a fraudulent refund process as previously described—is typical of the claims of the First Sub-Class members.

62. Named Plaintiffs will fairly and adequately protect the First Sub-Class's interests.

63. Named Plaintiffs do not have any interests or claims which are antagonistic to the interests of the First Sub-Class.

64. First Sub-Class representatives' counsel is qualified, experienced, and able to conduct the proposed litigation.

65. A class action is superior to other available methods for the fair and efficient adjudication of the controversy where failure to certify the First Sub-Class would result in a substantial risk of separate actions, which would create a risk of inconsistent or varying adjudications with respect to individual members, and the inconsistent or varying adjudications would establish incompatible standards of conduct for FCA US LLC and ISG in fulfilling judgments in separate actions.

66. First Sub-Class is seeking damages, plus punitive damages, interest, and attorneys' fees due FCA US LLC and ISG and the egregious nature of the entities' fraudulent conduct.

<u>SECOND SUB-CLASS REQUIRING DECLARATORY AND INJUNCTIVE RELIEF</u>

67. Named Plaintiffs incorporate as if fully rewritten herein all the allegations contained in the Introduction and paragraphs 1 through 66.

68. Named Plaintiffs bring this action on behalf of themselves and the following class of persons:

> The class represented in this action is readily identifiable as persons within the state of Ohio who, within the last five years, are identified under R.C. §1345.71 as a "consumer" of an motor vehicle manufactured by FCA US LLC, these persons are currently attempting to exercise their right to a refund of their nonconforming motor vehicle under R.C. §1345.72, and, either through dealing with FCA US LLC or contact with the agents of FCA US LLC, are being denied the refund of the "full purchase price" for this nonconforming motor vehicle as defined under R.C. §1345.72, either through denial of a refund for title fees, taxes, and security deposits, or being asked to retroactively pay the cost of these items, which the consumer is specifically entitled to under R.C.. §1345.71 et seq. (persons identifiable under this description are hereinafter referred to as the "Second Sub-Class").

69. Named Plaintiffs are members of the Second Sub-Class as described in paragraph 67.

70. Defendants, FCA US LLC and ISG have acted or refused to act on grounds generally applicable to the whole Second Sub-Class where the agent of FCA US LLC, ISG, has made it

common practice to deny refund of the full purchase price to a consumer of a nonconforming motor vehicle.

71. This Court should certify this matter as a class action because the Second Sub-Class is so numerous that joinder of all members is impracticable, where FCA US LLC and their agent, ISG, have made it common practice to conduct business as described with the Second Sub-Class within the last five years

72. There are questions of law or fact common to the Second Sub-Class, with the questions of law or fact common to the Second Sub-Class predominating over any questions affecting only individual members and the answers to these common questions having a resolution to the Second Sub-Class as a whole, where, even though the exact amount of each consumer's refund may be different, the conduct toward each consumer amount to the same injury and a court awarding damages and relief because of Defendants' above-described conduct, would provide an answer that is common to the Second Sub-Class as a whole.

73. Varying amounts of damages between individual members of the Second Sub-Class related to the actual amounts of taxes, title fees, and security deposits will not fail the requirement that common questions of law or fact predominate over individual members claims where there exists generalized denial by FCA US LLC and ISG of the refund for the full purchase price (costs for taxes, title fees, and security deposits) on a class-wide basis.

74. The Named Plaintiffs' claims are typical of those of the Second Sub-Class where the injury claimed—denial of the refund of the full purchase price through the same practice and course of conduct of FCA US LLC and ISG, which forces the consumers to pay for costs of taxes, title fees, and security deposits—is typical of the claims of the Second Sub-Class members.

75. Named Plaintiffs will fairly and adequately protect the Second Sub-Class's interests.

76. Named Plaintiffs do not have any interests or claims which are antagonistic to the interests of the Second Sub-Class.

77. Second Sub-Class representatives' counsel is qualified, experienced, and able to conduct the proposed litigation.

78. A class action is superior to other available methods for the fair and efficient adjudication of the controversy where failure to certify the Second Sub-Class would result in a substantial risk of separate actions, which would create a risk of inconsistent or varying adjudications with respect to individual members, and the inconsistent or varying adjudications would establish incompatible standards of conduct for FCA US LLC and ISG in fulfilling judgments in separate actions.

79. Final injunctive relief is appropriate with respect to the Second Sub-Class where FCA US LLC and its agent, ISG, should be enjoined from continuing this practice of denying the refund of the full purchase price to a consumer of a nonconforming motor vehicle as required by R.C. §1345.71 et seq.

80. Declaratory relief is appropriate with respect to the Second Sub-Class where this court should issue a declaratory judgment that R.C. §1345.71 et seq. provides that a consumer of a nonconforming motor vehicle is not the party who is to be "out-of-pocket" for the costs of taxes, title fees, and security deposits upon return of the nonconforming motor vehicle.

ATTORNEYS' FEES

81. Named Plaintiffs incorporate herein as if fully rewritten all the allegations contained in paragraphs 1 through 80 as if fully rewritten herein.

82. Recovery of attorneys' fees and all court costs is permissible in a civil action under R.C. §1345.71 et seq. where the consumer brings action in a court of common pleas or other court of

competent jurisdiction against any manufacturer if the manufacturer fails to comply with R.C. §1345.72.

PRAYER FOR RELIEF

Wherefore, Named Plaintiffs respectfully request:

That the Named Plaintiffs be allowed to move forward as representatives of the above described classes;

That this Court certifies the above described Class, First Sub-Class, and Second Sub-Class, for having fulfilled all requirements of Civ.R.23;

For damages in excess of $25,000, plus interest, related to the recovery by the class for the refund of the full purchase price of their nonconforming motor vehicles;

That FCA US LLC and ISG acted fraudulently where ISG, in the superior bargaining position of power, notified consumers that ISG was complying with Ohio's Lemon Law statutes and that FCA US LLC's and ISG's computation figures, which were applied across the company, were correct regarding the refunds to the consumers;

For punitive damages related to Defendants' fraudulent, where they expressed that refunds to consumers complied with Ohio law, gave a "take it or leave it" ultimatum that forced consumers to take less than the full amount which they would have otherwise been awarded for the full purchase price of the returned nonconforming motor vehicles;

For a declaratory judgment that FCA US LLC's actions, and the actions of FCA US LLC's agent, ISG and Unknown Defendant, are in violation of R.C. §1345.71 et seq.;

For injunctive relief that prevent FCA US LLC and its agents, ISG and Unknown Defendant, from denying the return of the full purchase price to consumers of nonconforming motor vehicles; and

For reasonable attorneys' fees incurred by Named Plaintiffs in the prosecution of this action;

Costs of this suit as proscribed by law; and

For such further relief as the court may deem just and equitable.

Respectfully Submitted,

Daniel T. Monk #0095493
T. David Burgess Co., LPA
110 North Third Street
Williamsburg, OH 45176
Phone: 513.724.2252
Fax: 523.724.2254
dannymonk@gmail.com
*Co-Trial Counsel for Plaintiffs*

Kristopher D. Burgess #0095220
T. David Burgess Co., LPA
110 North Third Street
Williamsburg, Ohio 45176
Telephone 513.724.2252
Facsimile 513.724.2254
Kdburgess1989@gmail.com
*Co-Trial Counsel for Plaintiffs*

JURY DEMAND

Named Plaintiffs, Melissa and Jamie Gilvin, hereby demand a trial by jury on all issues in this matter.

Respectfully Submitted,

Daniel T. Monk #0095493
T. David Burgess Co., LPA
110 North Third Street
Williamsburg, OH 45176
Phone: 513.724.2252
Fax: 523.724.2254
dannymonk@gmail.com
*Co-Trial Counsel for Plaintiffs*

Kristopher D. Burgess #0095220
T. David Burgess Co., LPA
110 North Third Street
Williamsburg, Ohio 45176
Telephone 513.724.2252
Facsimile 513.724.2254
Kdburgess1989@gmail.com
*Co-Trial Counsel for Plaintiffs*