UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELISSA GILVIN,                                    Case No. 1:18-CV-107

    Plaintiff,                                  Dlott, J.
                                                   Bowman, M.J.
v.

FCA USA, LLC., et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Plaintiff's motion for leave to file a second amended complaint (Doc. 32) and the parties' responsive memoranda. (Docs. 37, 39, 41, 43).

**I. Background and Facts**

Plaintiffs reside in Clermont County, Ohio. Defendant FCA US LLC, distributes, markets, and sells FCA US LLC motor vehicles to persons in Ohio. (Doc. 3). Defendant, ISG is an agent of FCA US LLC. In May 2016, Plaintiffs leased a new 2016 Ram 1500 truck which was sold, manufactured or distributed by FCA US LLC. Plaintiffs leased the motor vehicle from Jeff Wyler, Eastgate Auto Mall in Batavia, Ohio, at which time they received a written statement of their rights under the Ohio Lemon Law. (See Doc. 1, ¶¶ 8-11). "Upon initially leasing the [truck], [] Plaintiffs did not pay the costs of the taxes, security deposit, or title fees." Id. at ¶ 25. Plaintiffs' claim that their vehicle was out of service by reason of repair for a cumulative total of 30 or more calendar days. Plaintiffs further assert that their motor vehicle was "possessed substantially the same

1

nonconformity, which was subject to repair three or more times, and the nonconformity either continued to exist or was recurring. Id. at ¶ 17.

According to Plaintiffs, FCA US LLC, their agents and/or their authorized dealer, were unable to conform Plaintiffs motor vehicle to any applicable express warranty by repairing or correcting the nonconformity after a reasonable number of repair attempts. Id. at ¶ 18. In January 2017, "Plaintiffs were forwarded to Defendant FCA US LLC's agent, ISG, to facilitate an informal dispute resolution to this nonconforming motor vehicle issue." (Id. at ¶ 19). During the informal negotiations, ISG made a "refund" offer to Plaintiffs. See Doc. 1, Ex. B at pp. 3-6. ISG explained to Plaintiffs that, as a matter of course, the amount of an offer made for the return of a vehicle included a deduction for "the costs for taxes, title fees, and security deposits if the consumer had not paid the costs of these items at the outset of the consumer's dealings with FCA US LLC." Id. at p. 3. Plaintiffs were told that since "FCA US LLC had paid the costs of taxes, title fees, and security deposits (or simply waived these costs)," they were not included in the offer being made. Id. at pp. 3- 4. After ISG "explained … that FCA US LLC was entitled to these costs," ISG gave Plaintiffs "a few days to either accept the settlement offer or ISG would close the case." Id. at p. 4. "Plaintiffs did not accept the settlement offer from ISG." Id. Thereafter, Plaintiffs initiated this action for alleged violations of Ohio's Lemon Law, O.R.C. § 1345.72. Notably, Plaintiffs originally filed this action in the Court of Common Pleas for Clermont County, Ohio in January 2018. Plaintiffs seek relief for, inter alia, "damages in excess of $25,000 … for the refund of the full purchase price of their nonconforming motor vehicles." Doc. 1, Ex. B at p. 25. In addition to compensatory damages, Plaintiffs also seek punitive damages, attorneys' fees, and injunctive and

declaratory relief. Id. at ¶ 92 (averring that for their fraud claim Plaintiffs are "seeking damages, plus punitive damages, interest, and attorneys' fees"); (Id. at ¶¶ 105-06) (requesting injunctive and declaratory relief); See also Id. at ¶¶ 107-08) (seeking recovery of attorneys' fees). Plaintiffs' also seek to bring this action on behalf of themselves as well as two classes of persons.

Thereafter, Defendants filed a notice of removal with this court on February 14, 2018. (Doc. 1). Defendants' notice of removal asserted jurisdiction under 28 U.S.C. § 1332(d)(2), which is commonly referred to as the Class Action Fairness Act ("CAFA"), as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Plaintiffs then sought to remand this matter back to state court. Defendants also asked the Court to dismiss Plaintiffs' claims. Plaintiff motion to remand was denied. Defendants motion to dismiss was granted in part and denied in part. Namely, Plaintiffs' class allegations relating to a "fail-safe" class, paragraphs 45, 57, and 94 were dismissed and Defendant Ally was dismissed from this action. (Doc. 27, 29)

Plaintiffs now move for leave to amend their Amended Complaint to modify class definitions that were deemed to be fail-safe classes, add a subclass to include consumers who financed their motor vehicle purchase through former Defendant Ally Financial ("Ally"), and add again, formally, as a defendant in this case, Ally, based on clarified allegations and new information provided by Plaintiffs. Plaintiffs' request is not well-taken.

**II. Analysis**

Leave to amend a complaint shall be freely granted when justice requires. Fed.R.Civ.P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to

ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). Nevertheless, leave may be denied when there has been undue delay, bad faith, a repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party...." *Hobart v. Waste Management of Ohio, Inc.*, 923 F.Supp.2d 1086, 1098 (6th Cir. 2013), citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9, L.Ed. 222 (1962). A denial of a motion to amend is also proper if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

Here, Plaintiffs seek to amend their complaint to add claims that were previously dismissed by the Court. As noted by Defendant FCA, it moved to dismiss the class allegations in this case. (Doc. 17). Plaintiffs did not oppose such a dismissal. Thereafter, the undersigned entered a Report and Recommendation indicating that these allegations should be dismissed, Plaintiffs did not file any objection to it. The Report and Recommendation was adopted by the District Judge and the class allegations were dismissed. Plaintiffs now seek leave to file a second amended complaint to, *inter alia*, replead class allegations.

Defendant FCA contends that Plaintiffs' Motion to Amend should be denied because they made the voluntary choice to sit and wait until after a final, non-appealable Order was entered by this Court dismissing their class allegations, and they admit that they waited hoping that the Court's final Order would provide them with some guidance for repleading. Under Sixth Circuit law, Defendant FCA contends that Plaintiffs' wait-and-see approach was improper. Plaintiffs simply cannot wait for a final

4

adverse ruling before seeking leave to amend so that they can use the district court as "as a sounding board to discover holes in their arguments." *See, e.g., Pond v. Haas*, 674 Fed.Appx. 466, 468 (6th Cir. 2016). The undersigned agrees.

Additionally, Plaintiffs' proposed amendments are also futile. As detailed above, the Court previously determined that Plaintiffs stated a Lemon Law claim under Ohio law. (Doc. 30). In order to prevail on this claim, two issues must be resolved: 1) whether Plaintiffs' vehicle had such significant nonconformities that they are entitled to the remedies provided under the Lemon Law; and 2) if so, the amount of damages (if any) that Plaintiffs can collect.

Plaintiffs, however, seek leave to amend so that they can represent a class consisting of individuals who own unidentified vehicles with unidentified defects, provided, however, that these individuals have already received a determination (through some unidentified process) that their vehicles have nonconformities entitling them to Lemon Law relief. (Doc. 32, Ex. 2, PageID ##373, 375, 381). As such, Defendants contend that Plaintiffs cannot represent the class they proffer because they are not yet members of that class. Notably, Plaintiffs have not yet received any final determination that through any process that their vehicle has nonconformities sufficient to entitle them to relieve under the Lemon law.

It is axiomatic that a plaintiff must be a member of the class defined in the complaint for the class to be legally viable. As the Sixth Circuit recently explained, "'[a]s [the Supreme Court] has repeatedly held, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'" *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 431 (6th Cir. 2018) (quoting *E. Texas*

5

*Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977*)). See also Durham v. Cincinnati Children's Hosp. Med. Ctr.,* No. 1:15-CV-438, 2017 WL 3142366, at *2 (S.D. Ohio July 25, 2017) (dismissing class allegations because "Mr. Durham is clearly not a member of the class he seeks to represent"). Thus, in Plaintiffs' proposed amendment Plaintiffs are not members of the defined class and therefore cannot be an adequate representative.

Defendants further assert that the proffered new class allegations are also overbroad. Namely, the new class allegations encompass all individuals whose vehicles have already been found to be "lemons" regardless of the relief such vehicle owners have already received as a result of that finding. As such, Defendants assert that individuals who already have received everything they are entitled to under the Lemon law would have no standing to bring suit in their own right. Defendants are correct.

Notably, "[a] proposed class may be deemed overly broad if it would include members who have not suffered harm at the hands of the Defendant and are not at risk to suffer such harm. A properly defined class includes only members who would have standing to bring suit in their own right." *Pilgrim v. Universal Health Card, LLC*, No. 5:09CV879, 2010 WL 1254849, at *2 (N.D. Ohio Mar. 25, 2010), aff'd, 660 F.3d 943 (6th Cir. 2011) (internal quotation marks and citation omitted) (striking class allegations based on finding they were "overbroad" because they encompassed "members who have not suffered harm at the hands of the Defendant and are not at risk to suffer such harm" because "[a] properly defined class includes only members who would have standing to bring suit in their own right" (internal punctuation and citations omitted)). In

light of the foregoing, the undersigned finds that Plaintiffs' motion to amend is not well-taken in this regard.

Next, Plaintiffs' proposed second amended complaint purports to assert individual and class action claims against Ally Financial Inc. ("Ally") for allegedly "failing to comply with Ohio's Lemon Law, R.C. §1345.71 et seq." and allegedly "allowing a lease or loan to go un-cancelled despite consumers returning the motor vehicle as required under Ohio Lemon Law R.C. §1345.71 et. seq." (Doc. 32, at pp. 5 & 12; Plaintiffs' proposed second Amended Complaint at ¶¶ 109-127).

Plaintiffs' proposed second amended complaint asserts that Plaintiffs have suffered financial hardship because Ally has not cancelled the lease associated with the alleged nonconforming vehicle. Plaintiffs assert that Ally "may have an interest in this action and has therefore been included as a Defendant in this matter." (Doc. 32, Ex. 2). Ally, however, asserts that Plaintiffs' Motion as to Ally is frivolous and should be denied. Lemon Law claims may only be asserted against a vehicle "manufacturer, its dealer, or its authorized agent." Ally is none of these.

Ally further asserts that R.C. §1345.72(D) expressly states that a lessor, such as Ally here, is only required to cancel the lease after it has either: (1) received the "full purchase price" owed on the lease (including any fees charged for canceling the lease); or (2) consented to lease a "new motor vehicle" provided by the manufacturer to the lessee. See R.C. §1345.72(D). Here, Ally has not received the "full purchase price" for the vehicle or consented to a new lease. As such, Ally asserts that it has not violated Ohio Lemon Law by failing to cancel the Plaintiffs' lease because the express conditions precedent to Ally having an obligation to do so have indisputably not happened.

7

Notably, a proposed amended complaint is "futile" and thus leave to file it should be denied when the statute at issue "does not provide for a private right of action" for the plaintiff against the proposed defendant. *See Prakash v. Altadis USA, Inc.*, 2012 WL 1109918 (N.D. Ohio 2012) (Pearson, J.); *Gates v. Ohio Savings Bank*, 2008 WL 928489 (N.D. Ohio 2008) (Lioi, J.). Here, the statute does not provide a private right of action against the "lessor" of a vehicle under Ohio Lemon Law, such as Ally here.

**III. Conclusion and Recommendation**

For the reasons explained herein, **IT IS RECOMMENDED THAT** Plaintiffs' motion for leave to file a second amended complaint (Doc.32) be **DENIED**.

                                         *s/Stephanie K. Bowman*
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MELISSA GILVIN, | Case No. 1:18-CV-107 |
| Plaintiff, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| FCA USA, LLC., et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981)